

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. Richard Voges
County Attorney
Wilson County
Floresville, Texas

Dear Sir:

Opinion No. 0-1284
Re: Sheriff's - Fee System -
Telephone Expense - Auto-
mobile Expense.

Your request for opinion upon the following questions:

"1. Can the Commissioners' Court of
Wilson County, pay the Sheriff, monthly,
out of the general funds of the County,
the necessary and actual expense for tele-
phone?

"2. Can the Commissioners' Court of
Wilson County, pay the Sheriff, monthly, a
certain sum for the maintenance and up-keep
of a County Automobile, furnished the Sheriff
by the County for his official services?

You advise in your letter that Wilson County, Texas
is operating under the fee system and that its officers are com-
pensated on a fee basis. You further advise that the Sheriff of
your County is paid monthly the sum of Seventy-five ($75.00) Dol-
lars as an Ex-officio Salary by virtue of Article 3934, Revised
Civil Statutes of Texas.

Article 3899 (a), Revised Civil Statutes of Texas, reads
as follows:

"At the close of each month of his
tenure of office each officer named herein

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable D.᠎Richard Voges, Page 2

who is compensated on a fee basis shall
make as part of the report now required by
law, an itemized and sworn statement of
all the actual and necessary expenses in-
curred by him in the conduct of his office,
such as stationery, stamps, telephone,
premiums on officials' bonds, including
the cost of surety bonds for his Deputies,
premium on fire, burglary, theft, robbery
insurance protecting public funds, travel-
ing expenses and other necessary expenses.
The Commissioners' Court of the county of
the Sheriff's residence may, upon the
written and sworn application of the
Sheriff stating the necessity therefor,
purchase equipment for a bureau of criminal
identification such as cameras, finger
print cards, inks, chemicals, microscopes,
radio and laboratory equipment, filing
cards, filing cabinets, tear gas and other
equipment in keeping with the system in
use by the Department of Public Safety of
this State or the United States Department
of Justice and/or Bureau of Criminal Identi-
fication.  If such expenses be incurred in
connection with any particular case, such
statement shall name such case.  Such ex-
pense account shall be subject to the audit·
of the County Auditor, if any, otherwise by
the Commissioners' Court; and if it appears
that any item of such expense was not in-
curred by such officer or such item was not
a necessary expense of office, such item
shall be by such auditor or court rejected,
in which case the collections of such item
may be adjudicated in any court of competent
jurisdiction.  The amount of salaries paid
to Assistants and Deputies shall also be
clearly shown by such officer, giving the
name, position and amount paid each; and in
no event shall any officer show any greater
amount than actually paid any such Assistant
or Deputy.  The amount of such expenses,
together with the amount of salaries paid to
Assistants, Deputies and Clerks shall be paid
out of the fees earned by such officer.  The

Honorable D. Richard Voges, Page 3

> Commissioners' Court of the county of the
> Sheriff's residence may, upon the written
> and sworn application of the Sheriff stat-
> ing the necessity therefor, allow one or
> more automobiles to be used by the Sheriff
> in the discharge of his official duties, which,
> if purchased by the County, shall be bought
> in the manner prescribed by law for the pur-
> chase of supplies and paid for out of the
> General Fund of the county and they shall be
> and remain the property of the county. The
> expense of maintenance, depreciation and op-
> eration of such automobiles as may be allowed,
> whether purchased by the county or owned by
> the Sheriff or his Deputies personally, shall
> be paid for by the Sheriff and the amount there-
> of shall be reported by the Sheriff, on the re-
> port above mentioned, in the same manner as
> herein provided for other expenses."

Article 3891, Revised Civil Statutes of Texas, reads, in part, as follows:

> "Each officer named in this Chapter
> shall first out of the current fees of his
> office pay or be paid the amount allowed him
> under the provisions of Article 3883, together
> with the salaries of his assistants and de-
> puties, and authorized expenses under Article
> 3899, and the amount necessary to cover costs
> of premium on whatever surety bond may be re-
> quired by law. If the current fees of such
> office collected in any year be more than the
> amount needed to pay the amounts above specified,
> same shall be deemed excess fees, and shall be
> disposed of in the manner hereinafter provided.

> "In counties containing twenty-five thousand
> (25,000) or less inhabitants, District and County
> officers named herein shall retain one-third of
> such excess fees until such one-third, together
> with the amounts specified in Article 3883,
> amounts to Three Thousand Dollars ($3,000). Pre-
> cinct officers shall retain one-third until such

one-third, together with the amount specifi-
ed in Article 3883, amounts to Fourteen
Hundred Dollars ($1400)."

* * * * * * * * **

This Department has repeatedly ruled that where county
officers are compensated upon a fee basis that expenses incident
to county office must be paid from current fees belonging to
said office. See opinion dated July 13, 1934, written by Hon.
Julius F. Franki, Assistant Attorney General; and many other
opinions of this Department.

We concur with you in your opinion and wish to thank
you for your very able brief which has assisted us in passing
upon this question.

We agree with you that Senate Concurrent Resolution
No. 40, of the 44th Texas Legislature, passed in 1935, has no
bearing on Article 3899, Revised Civil Statutes of Texas, which
was amended in 1937.

You are therefore respectfully advised that it is the
opinion of this Department that the Commissioners' Court of
Wilson County, Texas, a County operating upon a fee basis, may
not pay the County Sheriff, monthly, the necessary and actual
expenses for telephone out of the General Fund of the County.
Such Sheriff however may pay such expense out of his current
fees of office.

You are further respectfully advised that it is the
opinion of this Department that the Commissioners' Court of
Wilson County, Texas, a County operating upon a fee basis, may
not pay the County Sheriff, monthly, a certain sum for the
maintenance and up-keep of a county automobile, furnished the
Sheriff by the County for his official duties, out of the Gen-
eral Fund of the County. Article 3899 (a) expressly provides
that the expense of maintenance, depreciation and operation of
such automobiles as may be allowed, whether purchased by the
county or owned by the Sheriff or his deputies personally,
shall be paid for by the Sheriff and the amount thereof shall
be reported by the Sheriff, on the report above mentioned, in
the same manner as is provided therein for other expenses.

Trusting that this satisfactorily answers your inquiry

Honorable D. Richard, Page 5

and with best regards, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:RS

APPROVED AUG 26, 1939

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN